(No. 92-CV-0790—)

*In re* APPLICATION OF BETTY JONES JOHNSON

*Opinion filed March 24, 1992.*
*Order filed November 17, 1992.*

BETTY JONES JOHNSON, *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General (CHARLES A. DAVIS, JR., Assistant Attorney General, of counsel), for Respondent.

OPINION

MONTANA, C.J.

This claim arises out of an incident that occurred on

August 1, 1991. Betty Jones Johnson, mother of the deceased victim, Darryl C. Jones, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1989, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on October 18, 1991, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That on August 1, 1991, the Claimant's deceased son, Darryl C. Jones, age 18, was a victim of a violent crime as defined in section 72(c) of the Act, to wit, first degree murder (Ill. Rev. Stat. 1989, ch. 38, par. 9—1).

2. That the crime occurred in Chicago, Illinois, and all of the eligibility requirements of section 76.1 of the Act have been met.

3. That the Claimant seeks compensation for funeral and burial expenses.

4. That the Claimant incurred funeral and burial expenses in the amount of $3,393, all of which has been paid. Pursuant to section 72(h) of the Act, funeral and burial expenses are compensable to a maximum amount of $3,000.

5. That the Claimant has received no reimbursements that can be counted as an applicable deduction under section 80.1(e) of the Act.

6. That the Claimant has complied with all pertinent provisions of the Act and qualifies for compensation thereunder.

It is hereby ordered that the sum of $3,000 be and is hereby awarded to Betty Jones Johnson, mother of Darryl C. Jones, an innocent victim of a violent crime.

## ORDER

MONTANA, C.J.

This claim arises as a result of the murder of Darryl Jones on August 1, 1992. The mother of the deceased victim seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereinafter referred to as the Act. Ill. Rev. Stat. 1987, ch. 70, par. 71 *et seq.*

The Attorney General's Office, after conducting an investigation of the case, concluded that Darryl Jones was the victim of a violent crime and that Claimant was eligible for compensation pursuant to the Act.

The Court made an award to Claimant in the amount of $3,000, the maximum statutory award for funeral and burial expenses, on March 24, 1992.

On April 17, 1992, Claimant rejected the award by returning the check to Governor Edgar and stating by letter that the amount awarded was an inadequate sum to compensate her for the loss of her son.

On April 29, 1992, Diane Ford, counsel to the Governor, responded by letter to Claimant. Ms. Ford attempted to explain the purpose and limitations of the Act and encouraged Claimant to accept the award as compensation for the funeral expenses she incurred.

On May 12, 1992, Claimant refused the award a second time by returning it to the clerk of the Court of Claims.

The claim was assigned to Commissioner Rochford

on April 23, 1992, and set for hearing on June 18, 1992. On June 18, 1992, Claimant appeared. Claimant repeatedly refused to accept the $3,000 award (Transcript pages 3, 5-8). Claimant stated that she was seeking a larger award and that in the absence of a larger sum of money she would continue to refuse the award.

The Crime Victims Compensation Act was enacted by the legislature to aid and assist crime victims under certain circumstances to receive compensation to help pay for the *pecuniary losses* sustained by victims. *(In re Application of Hutcherson* (1985), 37 Ill. Ct. Cl. 491, 492.) In the case of death, pecuniary loss is defined as follows:

"° ° °funeral and burial expenses to a maximum of $3,000.00 and loss of support of the dependents of the victim." (Ill. Rev. Stat., ch. 70, par. 72 (2) (h).)

The evidence supports the Court's prior award to Claimant in the amount of $3,000, the maximum statutory award for funeral expenses pursuant to the provisions of the Act.

The Court is not unsympathetic to the Claimant's loss of her son. The Court agrees that the prior award is not adequate compensation for such a loss. However, the award is not for the loss of the son. The Act was not intended to provide such compensation. The purpose of the Act was to provide, in this case, compensation for the out-of-pocket expenses associated with the funeral and burial. The Court can award no more money than the Act allows.

It is hereby ordered that the prior order of the Court awarding Claimant $3,000 for funeral and burial expenses be, and hereby is, affirmed; it is further ordered that if the Claimant returns the warrant issued in payment of the award one more time the clerk's office is directed to

cancel the warrant for redeposit and forever close the file on this case.