(No. 89-CV-0027—

*In re* APPLICATION OF SADIE STEWART

*Opinion filed October 19, 1993.*
*Opinion filed January 30, 1995.*

SADIE STEWART, *pro se*, for Claimant.

JIM RYAN, Attorney General (JAMES MAHER, Assistant Attorney General, of counsel), for Respondent.

OPINION

PER CURIAM

This claim arises out of an incident that occurred on October 28, 1987. The Claimant, Sadie Stewart, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. 740 ILCS 45/1, *et seq.*

This Court has carefully considered the application for benefits submitted on July 6, 1988, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

(1) That on October 28, 1987, the Claimant, Sadie Stewart, age 65, was a victim of a violent crime as defined in section 72(c) of the Act, to wit: aggravated battery. 720 ILCS 5/12—4.

(2) That the crime occurred in Chicago, Illinois, and the Claimant has complied with all of the eligibility requirements of section 6.1 of the Act.

(3) That the Claimant seeks compensation for medical/hospital expenses.

(4) That after considering insurance and other sources of recovery, the Claimant's net compensable loss for medical/hospital expenses is based on the following:

|  | Compensable Amount |
| --- | --- |
| Associates In Rehabilitation Medicine, S.C. | $460.00 |
| Friedell Clinic | 313.00 |
| Jackson Park Hospital | 38.59 |
| Total | $811.59 |

(5) That the Claimant has received no reimbursements that can be counted as applicable deductions under section 80.1(e) of the Act.

(6) That the Claimant has complied with pertinent provisions of the Act and qualifies for compensation thereunder.

(7) That pursuant to section 88(c) of the Act, the Court may order that all or a portion of an award be paid jointly to the applicant and provider of services. In the instant case, the Court finds this section applicable and orders that joint payment be made.

(8) That the claim for $3,134 appears to be for a ramp to accommodate a wheelchair which is not a specifically-enumerated pecuniary loss pursuant to sections 72(h) and 80.1 of the Act.

(9) That this issue of wheelchair ramps is an issue of first impression for the Court and we invite the Claimant to request a trial and a hearing before the full Court to consider this issue.

It is hereby ordered that the sum of $460 be and is hereby awarded to Sadie Stewart and Associates in Rehabilitation Medicine, S.C.

It is further ordered that the sum of $313 be and is hereby awarded to Sadie Stewart and Friedell Clinic.

It is further ordered that the sum of $38.59 be and is hereby awarded to Sadie Stewart and Jackson Park Hospital.

## OPINION

FREDERICK, J.

This claim arises out of a violent crime against Ray A. Drake which was committed on October 28, 1987. Claimant, Sadie Stewart, seeks compensation pursuant to the Crime Victims Compensation Act (hereinafter referred to as the "Act"). 740 ILCS 45/1, *et seq.*

This Court issued an initial opinion in this case on October 19, 1993, ordering that $811.59 be awarded for medical and hospital payments. We denied the portion of

the claim totaling $3,134 which appeared to be for a ramp to accommodate a wheelchair. A ramp to accommodate a wheelchair is not a specifically-enunciated pecuniary loss pursuant to section 2(h) of the Act. Claimant requested a hearing on the issue of payment for the ramp.

At the hearing, the Claimant's daughter testified that Claimant did not have access through the front or back of her home. A door was constructed on the side and a ramp and railing were installed.

### The Law

This is the second time this Court has had to address the issue of home improvements in regard to crime victims compensation claims. (See *In re Application of Drake* (1994), 47 Ill. Ct. Cl. 563.) These are very difficult, heartrending decisions. We would gladly order awards if we had the authority to do so. Section 2(h) of the Act defines pecuniary loss as:

"° ° ° appropriate medical expenses and hospital expenses including expenses of a medical examination, medically required nursing care expenses, appropriate psychiatric care or psychiatric counseling expenses, expenses for care or counseling by a licensed clinical psychologist or licensed clinical social worker and expenses for treatment by Christian Science practitioners and nursing care appropriate thereto; prosthetic appliances, eyeglasses, and hearing aids necessary or damaged as a result of the crime; replacement services loss, to a maximum of $1,000 per month; dependents replacement services loss, to a maximum of $1,000 per month; ° ° ° "

As defined by the legislature, pecuniary loss does not include a ramp for a wheelchair. The Court can award no more compensation than the Act allows. *In re Application of Johnson* (1992), 45 Ill. Ct. Cl. 562.

For the foregoing reasons, the claim for the wheelchair ramp is denied.